UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OSCAR VIRGILIO DE LEON ARIETA                                                              PETITIONER

V.                                                                          CIVIL ACTION NO. 3:24-CV-646-DPJ-ASH

UNITED STATES OF AMERICA AND WARDEN                                           RESPONDENTS
UNKNOWN CHILDRESS

REPORT AND RECOMMENDATION

Pro se Petitioner Oscar Virgilio De Leon Arieta, a prisoner incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, filed this habeas petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' denial of jail time credits under the First Step Act. As explained below, the undersigned recommends the petition be dismissed.

I.      Facts and Procedural History

De Leon Arieta is presently serving a 120-month term of incarceration for conspiracy to possess with intent to distribute a controlled substance on board a vessel subject to the United States' jurisdiction under 46 U.S.C. § 70506(b). De Leon Arieta says he earned 365 days of FSA time credits during his incarceration that the BOP initially applied toward satisfaction of his sentence. But the BOP took those credits away in March 2024 because an Immigration and Customs Enforcement officer issued a Final Administrative Order directing De Leon Arieta's removal from the United States. He asks the Court to order the BOP to return the FSA credits to him and to order ICE "to give [him] proper proceeding[s] in front of [an] immigration judge." Pet. [4] at 7. Respondent opposes De Leon Arieta's petition, arguing that he failed to exhaust and his petition fails on the merits.

II.    Analysis

    A.    Challenge to Final Administrative Removal Order

Starting with De Leon Arieta's request that the Court provide some review of or relief from the removal order, 8 U.S.C. § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the *sole and exclusive* means for judicial review of an order of removal entered or issued under any provision of this chapter . . . .

(Emphasis added.) Under this statute, "'[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal,' the federal district court lacks subject-matter jurisdiction." *Duarte v. Mayorkas*, 27 F.4th 1044, 1054 (5th Cir. 2022) (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)). To the extent De Leon Arieta asks the Court to intervene in the removal proceedings, the Court lacks jurisdiction over the request. The undersigned recommends this portion of the petition be dismissed for lack of jurisdiction.

    B.    Challenge to Loss of FSA Credits

Turning to the FSA credits, "[t]he BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

The BOP's regulations provide for a multiple-step Administrative Remedy Program that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10; *see generally id.* §§ 542.10–542.19 (Subpart B, Administrative Remedy Program). To begin the process, "an inmate shall first present an issue of concern informally to staff." *Id.* § 542.13. If informal resolution does not address the inmate's concerns, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). Once a BP-9 is filed, "response shall be made by the Warden . . . within 20 calendar days." *Id.* Next, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). The Regional Director then has 30 calendar days to respond, *id.* § 542.18, and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response," *id.* § 542.15(a). The General Counsel has 40 calendar days to respond to the BP-11. *Id.* § 542.18.[1]

"The filing of an appeal to the General Counsel 'is the final administrative appeal.' 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate h[a]s

---

[1] If, at any point during the process, "the inmate does not receive a response within the time allotted for reply . . . , the inmate may consider the absence of a response to be a denial at that level." *Id.* § 542.18; *see Flores v. Lappin*, 580 F. App'x 248, 250 (5th Cir. 2014) ("[E]ven if a response to [the inmate]'s administrative remedy request was delayed, the regulations of the Bureau of Prisons provide authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their appeals."); *accord Rosado v. Rickard*, No. 3:23-CV-1688, 2025 WL 924055, at *2 (M.D. Pa. Mar. 26, 2025) ("Once an appeal is deemed denied under [§ 542.18,] the inmate is required to appeal as if he had received a denial in the ordinary course to complete the administrative exhaustion process.").

exhausted h[is] administrative remedies for filing a § 2241 petition." *Gayton v. Rivers*, No. 3:23-CV-1842-X, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023) (citing *Gross*, 2009 WL 1675075, at *1), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023). "[P]roper exhaustion of administrative remedies is necessary," and "filing an untimely or otherwise procedurally defective administrative grievance or appeal" will not satisfy the requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x 372 (5th Cir. 2008).

Here, the Declaration of Supervisory Attorney Michael FiggsGanter establishes that De Leon Arieta "failed to file any administrative remedies concerning any matter related to his incarceration with the BOP to include the applicability of the FSA to the execution of his sentence." FiggsGanter Decl. [8-1] ¶ 11. De Leon Arieta claims he complained to the warden, but he provides no remedy number or indication that he complied with the BOP's ARP procedures. *See* Pet. [4] at 2. In any event, it is implicit from his petition, and supported by the FiggsGanter declaration, that he never completed (and arguably never started) the exhaustion process. FiggsGanter Decl. [8-1] ¶ 11; *see* Pet. [4] at 2–3. The undersigned therefore recommends this portion of his petition be dismissed for failure to exhaust.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the petition be dismissed for lack of jurisdiction as to the attack on the removal order and dismissed for failure to exhaust as to the sentencing-credit issue.

4

IV.  Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of October, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).